UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BOBBY FRANCIS LOWRY V, <br><br> Plaintiff, <br><br> vs. <br><br> EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION LLC; and NORTHWESTERN ENERGY GROUP, INC., <br><br> Defendants. | 4:25-CV-04204-KES <br><br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING |

Plaintiff, Bobby Francis Lowry V, filed a pro se lawsuit alleging violations of the Fair Credit Reporting Act (FCRA). Docket 1. Lowry also filed a motion for leave to proceed in forma pauperis. Docket 2.

## I.    Motion for Leave to Proceed In Forma Pauperis

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie,* 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors*

*Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Lowry's financial affidavit, the court finds that he has insufficient funds to pay the filing fee. Thus, Lowry's motion for leave to proceed in forma pauperis (Docket 2) is granted. This court now screens Lowry's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.    1915 Screening

### A.    Factual Background

The facts alleged in Lowry's complaint are: that he contacted NorthWestern Energy Group, Inc. (NorthWestern) to mark the location of underground gas lines for a construction project. Docket 1 ¶ 8. NorthWestern marked the purported location of its lines. *Id.* ¶ 9. While one of Lowry's employees was digging approximately six feet from the nearest NorthWestern mark, the employee struck a NorthWestern gas line. *Id.* ¶ 10. NorthWestern repaired the line and then billed Lowry $1,713.61 despite the digging being outside the marked area. *Id.* ¶ 11.

Lowry disputed the debt as inaccurate because the bill resulted from NorthWestern mismarking its gas line. *Id.* ¶ 12. NorthWestern reported the disputed debt to Equifax Information Services LLC (Equifax), Experian Information Solutions, Inc. (Experian), and TransUnion LLC (TransUnion). *Id.* ¶ 13. Lowry contends that Equifax, Experian, and TransUnion are consumer reporting agencies under 15 U.S.C. § 1681a(f) of the FCRA. *Id.* ¶¶ 4, 5, 6. According to Lowry, NorthWestern regularly furnishes consumer credit information to credit reporting agencies such as Equifax, Experian, and

TransUnion and is a furnisher of information under 15 U.S.C. § 1681s-2 of the FCRA. *Id.* ¶ 7. Lowry contends that when NorthWestern reported the disputed debt to Equifax, Experian, and TransUnion, it caused a derogatory entry on his credit reports. *Id.* ¶ 13.

Lowry then sent certified dispute letters with supporting evidence to Equifax, Experian, and TransUnion. *Id.* ¶ 14. The credit reporting agencies forwarded the dispute letters to NorthWestern. *Id.* ¶ 15. Approximately six weeks after Lowry sent the dispute letters, the credit reporting agencies notified Lowry that they had completed their reinvestigations and refused to remove or correct the NorthWestern entry. *Id.* ¶ 16. Lowry contends that NorthWestern failed to conduct a reasonable investigation and continued to verify the inaccurate debt. *Id.* ¶ 17. Lowry also contends that Equifax, Experian, and TransUnion failed to conduct reasonable reinvestigations and relied solely on NorthWestern's inaccurate verification. *Id.* ¶ 18.

Inaccurate, derogatory information remains on Lowry's credit reports and has caused him emotional distress, lowered his credit score, and caused higher interest rates on credit offers. *Id.* ¶ 19. Lowry seeks actual damages, statutory damages, punitive damages, attorneys' fees and costs, and injunctive relief requiring defendants to correct the inaccurate information on Lowry's credit reports and to cease reporting it. *Id.* at 4.

**B.    Legal Background**

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then

determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss a complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *see also Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). *Twombly* requires that a complaint's

"[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" *Id.* (citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 554–63)). If a complaint does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663–64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations).

### C.    Legal Analysis

Liberally construing Lowry's complaint, he alleges violations of the FCRA, 15 U.S.C. § 1681 *et seq.* Docket 1. For his first cause of action, Lowry contends that Equifax, Experian, and TransUnion violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of his credit reports. Docket 1 ¶ 20. Because of the alleged violation of § 1681e(b), Lowry contends that he has suffered "actual damages including economic harm and emotional distress." *Id.* ¶ 21. For his second cause of action, Lowry alleges that Equifax, Experian, and TransUnion failed to conduct reasonable reinvestigations of his disputes and failed to delete or correct inaccurate information within the statutory time in violation of 15 U.S.C. § 1681i. *Id.* ¶ 22. Because of the alleged violation of § 1681i(b), Lowry contends that he has

suffered "actual damages including economic harm and emotional distress." *Id.* ¶ 23. For his third cause of action, Lowry contends that NorthWestern violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation after receiving notice of his disputes and continuing to report inaccurate information, causing him "actual damages including economic harm and emotional distress." *Id.* ¶¶ 24, 25.

### 1.    15 U.S.C. § 1681e(b)

Congress enacted the FCRA to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). Section 1681e(b) states that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim for relief under this section, a plaintiff must allege that:

> (1) the credit reporting agency failed to follow reasonable procedures intended to assure the accuracy of its reports; (2) the credit reporting agency reported inaccurate credit information about [him]; (3) the plaintiff suffered harm; and (4) the plaintiff's harm was caused by the credit reporting agency's failure to follow reasonable procedures.

*Huie v. Trans Union LLC*, 2026 WL 281454, at *2 (D. Minn. Jan. 22, 2026) (citing *Paul v. Experian Info. Sols., Inc.*, 793 F. Supp. 2d 1098, 1101 (D. Minn. 2011)).

In *Rydholm v. Equifax Information Services, LLC*, 44 F.4th 1105 (8th Cir. 2022), the Eighth Circuit Court of Appeals considered whether the district

court had properly granted credit reporting agencies' Rule 12(b)(6) motion to dismiss a complaint alleging violations of 15 U.S.C. § 1681e(b). The plaintiff alleged that Experian and Trans Union had violated 15 U.S.C. § 1681e(b) because they "do not maintain reasonable procedures to ensure debts that are derogatory prior to a consumer's bankruptcy filing do not continue to report balances owing or past due amounts when those debts are almost certainly discharged in bankruptcy." *Id.* at 1107. Experian and Trans Union moved to dismiss the complaint because the plaintiff had "failed to plausibly allege their reporting procedures were unreasonable." *Id.* The district court granted the motion to dismiss the complaint, and the Eighth Circuit affirmed the dismissal for failure to state a claim upon which relief can be granted. *Id.* at 1107–08, 1109.

The Eighth Circuit reasoned that the "FCRA is not a strict liability statute." *Id.* at 1108 (citing *Hauser v. Equifax, Inc.*, 602 F.2d 811, 814–15 (8th Cir. 1979)). Section 1681e(b) "does not hold a [credit reporting agency] responsible where an item of information, received from a source that it reasonably believes is reputable, turns out to be inaccurate unless the agency receives notice of systemic problems with its procedures." *Id.* (quoting *Sarver v. Experion Info. Sols.*, 390 F.3d 969, 972 (7th Cir. 2004)). A credit reporting agency is not required to look beyond information furnished to it unless the information is inconsistent with its own records, contains a facial inaccuracy, or comes from an unreliable source. *Id.* (citing *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1239 (10th Cir. 2015)). The Eighth Circuit "reject[ed] the

invitation to mandate that [credit reporting agencies] hire individuals with legal training to preemptively determine the validity of reported debts." *Id.* at 1109.

When considering a motion to dismiss for failure to state a claim, a court should not "credit legal conclusions . . . or a formulaic recitation of the elements of a cause of action." *Id.* at 1108 (citation modified). In *Rydholm*, the Eighth Circuit held that the complaint that "presents a bare legal conclusion that Experian and Trans Union employed unreasonable reporting procedures[]" . . . "is too thin to raise a plausible entitlement to relief." *Id.* at 1108–09. Lowry's complaint, like the complaint in *Rydholm*, alleges only that "Equifax, Experian, and TransUnion failed to follow reasonable procedures to assure maximum possible accuracy of [his] credit reports." Docket 1 ¶ 20. Lowry's complaint, like the complaint in *Rydholm*, contains "no allegations that the [credit reporting agencies] knew or should have known about systemic problems." *Rydholm*, 44 F.4th at 1109. Lowry's complaint, like the complaint in *Rydholm*, does not allege any facts to show that the furnisher of the information, NorthWestern in this case, "lacked reliability as a source." *Id.* Finally, Lowry's complaint, like the complaint in *Rydholm*, does not allege that information NorthWestern reported was facially inaccurate or inconsistent with the credit reporting agencies' preexisting records. *Id.* Thus, Lowry's complaint does not plausibly allege a violation of § 1681e(b). *See also Musa v. Experian Credit Bureau*, 2025 WL 3064015, at *2 (D. Minn. Sept. 26, 2025) (dismissing on screening a claim against a credit reporting agency under § 1681e(b) because the complaint alleged no facts establishing that the credit reporting

agency's procedures were unreasonable); *Wadlington v. Equifax*, 2024 WL 3049576, at \*4 (E.D. Pa. June 18, 2024) (holding that a "conclusory allegation that Equifax failed to maintain reasonable procedures to ensure the accuracy and security of [the plaintiff's] consumer information. . . . is insufficient to allege a plausible claim." (citation omitted)). Lowry's claim against Equifax, Experian and TransUnion for violating 15 U.S.C. § 1681e(b) is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.    15 U.S.C. § 1681i(a)

The FCRA also requires that when the "completeness or accuracy of any item of information contained in a consumer's file" is "disputed by the consumer and the consumer notifies the agency directly[]" of that dispute, "the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate[.]" 15 U.S.C. § 1681i(a)(1)(A). "To plausibly allege a Section 1681i(a) claim, 'a plaintiff must show that the challenged item of information was, in fact, inaccurate.' " *Huie,* 2026 WL 281454, at \*2 (quoting *Edeh v. Equifax Info. Servs., LLC*, 974 F. Supp. 2d 1220, 1234 (D. Minn. 2013)). Lowry's complaint plausibly alleges that he contends that he is not liable for the costs of repairing NorthWestern's gas line because NorthWestern mismarked the gas line. Docket 1 ¶¶ 10, 11. But Lowry does not plausibly allege that NorthWestern, in fact, mismarked the gas line. *See generally* Docket 1. "[W]ithout a showing that the reported information was in fact inaccurate, [Lowry's] claim brought under § 1681i must fail." *Paul*, 793 F. Supp. 2d at 1102 (citation omitted); *see also Ketsenburg v. ChexSystems, Inc.,*

2022 WL 407136, at *4 (E.D. Mo. Feb. 10, 2022) ("A section 1681i(a) claim is properly raised when a particular credit report contains a *factual* deficiency or error that could have been remedied by uncovering additional facts that provide a more accurate representation about a particular entry." (quotation omitted)). As the Seventh Circuit Court of Appeals has explained, "a consumer's defense to a debt is a question for a court to resolve in a suit against the [creditor,] not a job imposed upon consumer reporting agencies by the FCRA." *Danan v. Trans Union LLC*, 959 F.3d 290, 296 (7th Cir. 2020) (alteration in original) (quotation omitted); *see also Rydholm*, 44 F.4th at 1108 ("We join our sister circuits in rejecting the invitation to mandate that [credit reporting agencies] hire individuals with legal training to preemptively determine the validity of reported debts."). Lowry's claim against Equifax, Experian and TransUnion for violating 15 U.S.C. § 1681i is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3.    15 U.S.C. § 1681s-2(b)

When a consumer reporting agency notifies a furnisher of information that a consumer disputes the reported information, the furnisher "must conduct an investigation with respect to the disputed information, report the results to the reporting agencies, and modify or delete any inaccurate, incomplete, or unverifiable information uncovered." *Johnson v. Freedom Mortg. Corp.*, 165 F.4th 1128, 1131 (8th Cir. 2026) (internal quotation omitted). "Because a furnisher's obligation to conduct a reasonable investigation under § 1681s-2(b) arises when it receives a notice of dispute from a [reporting

agency], it need investigate only what it learned about the nature of the dispute from the description in the [reporting agency]'s notice of dispute." *Id.* (alterations in original) (internal quotation omitted).

Here, Lowry alleges that Equifax, Experian, and TransUnion notified NorthWestern that Lowry disputed the information NorthWestern had reported to the credit reporting agencies. Docket 1 ¶¶ 14, 15. Lowry alleges that "NorthWestern failed to conduct a reasonable investigation after receiving notice of [Lowry's] disputes and continued to report inaccurate information." *Id.* ¶ 24. But Lowry's complaint contains no factual allegations to support his legal conclusion that NorthWestern failed to conduct a reasonable investigation. *See generally* Docket 1. Lowry's complaint, which contains nothing more than "a formulaic recitation of the elements of a cause of action[,]" *Twombly*, 550 U.S. at 555, does not plausibly allege a violation of § 1681s-2(b).[1] Lowry's claim against NorthWestern for violating 15 U.S.C. § 1681s-2(b) is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.    Leave to File an Amended Complaint

Because Lowry is proceeding pro se, the court will permit Lowry to file an amended complaint including additional factual allegations to support his

---

[1] Lowry does not allege that NorthWestern agrees that the "debt is inaccurate because the incident resulted from NorthWestern's own mis-marking[,]" or that any tribunal has determined that Lowry is not liable to NorthWestern for the costs of repairing the damage to NorthWestern's gas line caused by one of Lowry's employees. Docket 1 ¶¶ 10, 11, 12. To the extent that Lowry seeks a determination from this court as to the validity of his underlying liability to NorthWestern, it is not appropriate for Lowry to commence an action under the FCRA seeking such a determination. An action by Lowry disputing his liability to NorthWestern is not within the subject-matter jurisdiction of this court.

11

three causes of actions. "[A]n amended complaint supercedes [sic] an original complaint and renders the original complaint without legal effect." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)). Thus, if Lowry files an amended complaint, the amended complaint must allege sufficient *facts* to state a claim upon which relief may be granted. If Lowry files an amended complaint, the court will screen the amended complaint under 28 U.S.C. § 1915(e)(2)(B) and, if appropriate, order service by the United States Marshal Service.

Thus, it is ORDERED:

1.   That Lowry's motion for leave to proceed in forma pauperis (Docket 2) is granted.

2.   That Lowry's claim against Equifax, Experian and TransUnion for violating 15 U.S.C. § 1681e(b) is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

3.   That Lowry's claim against Equifax, Experian and TransUnion for violating 15 U.S.C. § 1681i is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

4.   That Lowry's claim against NorthWestern for violating 15 U.S.C. § 1681s-2(b) is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

5.      That Lowry has until **May 23, 2026**, to file an amended complaint. Failure to do so will result in dismissal of this case without prejudice.

Dated April 23, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

13